UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-25009- BLOOM/Elfenbein

APPLE CORPS LIMITED and SUBAFILMS
LIMITED,

        Plaintiffs,

v.

THE INDIVIDUALS, BUSINESS ENTITIES AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

        Defendants.

_____/

### ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Entry of a Preliminary Injunction (the "Motion"), ECF No. [27], filed on November 26, 202. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised.

Plaintiffs, Apple Corps Limited and Subafilms Limited (collectively "Plaintiffs"), move for entry of a preliminary injunction against Defendants[1] for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). The Court held a hearing on December 5, 2025, which was attended by counsel for Plaintiffs. During the hearing, Plaintiffs directed the Court to evidence supporting the Motion. None of the Defendants formally responded to the Motion, nor have they made any appearance or filing in this case, either individually or through counsel. Because Plaintiffs have satisfied the requirements for the issuance of a preliminary injunction, the Court

---

[1] Defendants are the Individuals, Business Entities, and Unincorporated Associations identified in Schedule "A."

grants the Motion.

## I. BACKGROUND[2]

Plaintiff, Apple Corps Limited, is the owner of the following trademarks (the "BEATLES Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office (USPTO):

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| THE BEATLES | 1,752,120 | February 16, 1993 | IC 025 - Headwear, sweatshirts, t-shirts, shirts. |
| BEATLES | 4,373,956 | July 30, 2013 | IC 021 – Beverage glassware; statuettes and figurines of ceramic; plates; drinking vessels, namely, glasses, mugs, jugs, and tankards not of precious metal; bottles, namely, sport bottles sold empty, and vacuum bottles; insulated bottles, namely, thermal insulated bottles and flasks for beverages; cookie jars; coasters other than of paper or of table linen; serving trays not of precious metal; drinking glasses; bottle openers; lunch boxes; shaped cookie cutters; small domestic containers, namely, piggy banks not of metal, salt and pepper shakers, salt and pepper pots not of precious metal; tea cups and saucers; coasters not of paper and other than table linen, namely, coasters made of ceramic tiles for beverages.<br><br>IC 024 - Household linen; bed linen; bed sheets, pillowcases, towels.<br><br>IC 025 - Footwear and headgear, namely, hats and caps; clothing, namely, shirts, polo shirts, t-shirts, sweatshirts; jackets, coats; scarves; neck-ties; socks; long-sleeved shirts and long-sleeved t-shirts; fleece tops; thermal tops; jerseys; tank tops; swim wear; slippers; cloth babies' bibs. |

---

[2] The factual background is taken from Plaintiffs' Amended Complaint, ECF No. [29], Plaintiffs' Application for Temporary Restraining Order, ECF No. [9], and Plaintiffs' Motion for Preliminary Injunction ("Motion"), ECF No. [27], and supporting evidentiary submissions. Plaintiffs filed declarations and exhibits annexed thereto in support of their Application for Temporary Restraining Order and Motion: Cole Decl., ECF No. [9-1], Wiborg-Rodriguez Decl., ECF No. [9-3], Burns Decl., ECF No. [9-4].

*See* Declaration of Paul Cole (Cole Decl.), ECF No. [9-1] at ¶¶ 4–5; ECF No. [29-1] (containing Certificates of Registration for the BEATLES Marks at issue). The BEATLES Marks are used in connection with the manufacture, promotion, distribution, and sale of high-quality goods in the categories identified above. *See* Cole Decl., ECF No. [9-1] at ¶¶ 4–5.

Plaintiff, Subafilms Limited, is the owner of the following trademark (the "YELLOW SUBMARINE Mark"), which is valid and registered on the USPTO:

| Trademark | Registration Number | Registration Date | Class(es) / Good(s) |
|---|---|---|---|
| YELLOW SUBMARINE | 3,328,170 | November 6, 2007 | IC 024 - Household linen; bed linen; bedspreads; bed sheets, pillowcases, towels.<br><br>IC 025 - Shirts; polo shirts; t-shirts; long-sleeved shirts and long-sleeved t-shirts; sweatshirts; jackets; pullovers; vests; scarves; neck-ties; hats; caps; sock; thermal tops; jerseys; sweaters; tank tops; pajamas; clothing for toddlers, infants and babies namely, one piece garments for infants and toddlers, sleep suits, t-shirts and long-sleeved t-shirts. |

*See* Cole Decl., ECF No. [9-1] at ¶¶ 10-11; ECF No. [29-2] (containing Certificate of Registration for the YELLOW SUBMARINE Mark at issue). The YELLOW SUBMARINE Mark is used in connection with the manufacture, promotion, distribution, and sale of high-quality goods in the categories identified above. *See* Cole Decl., ECF No. [9-1] at ¶¶ 10-11.

Defendants, by operating the Internet based e-commerce stores under the seller names (the "E-commerce Store Names") listed on Schedule "A" hereto have advertised, promoted, offered for sale, or sold goods bearing and/or using what Plaintiffs have determined to be counterfeits,

3

infringements, reproductions and/or colorable imitations of the BEATLES Marks and the YELLOW SUBMARINE Mark (collectively "Plaintiffs' Marks"). *See id.* at ¶ 16; Decl. of T. Raquel Wiborg-Rodriguez (Wiborg-Rodriguez Decl.), ECF No. [9-3] ¶ 2; Decl. of Kathleen Burns (Burns Decl.), ECF No. [9-4] ¶ 4.

Although each Defendant may not copy and infringe each of Plaintiffs' Marks for each category of goods protected, Plaintiffs have submitted sufficient evidence showing that each Defendant has infringed, at least, one or more of Plaintiffs' Marks. *See* Cole Decl., ECF No. [9-1] ¶¶ 4-5, 10-11, 16–20; ECF No. [9-2]. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of Plaintiffs' Marks. *See* Cole Decl., ECF No. [9-1] ¶¶ 16, 19-20.

Plaintiffs' counsel retained Invisible Inc ("Invisible"), a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Plaintiffs' branded products by Defendants and to document the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Plaintiffs' branded products. *See* Cole Decl. ECF No. [9-1] ¶ 17; Wiborg-Rodriguez Decl., ECF No. [9-3] ¶ 2; Burns Decl., ECF No. [9-4] ¶ 3. Invisible accessed the Internet based e-commerce stores operating under each Defendant's E-commerce Store Name,[3] placed an order from each Defendant for the purchase of a product bearing and/or using counterfeits of, at least, one of Plaintiffs' Marks and requested a product from each Defendant be billed and/or shipped to an address in the Southern District of Florida. *See* Burns Decl., ECF No. [9-4] ¶ 4. Each order was processed entirely electronically and following the

---

[3] Most of the orders from Defendants were not finalized so as to avoid adding money to Defendants' coffers. *See* Wiborg-Rodriguez Decl., ECF No. [9-3] ¶ 2 n.1; Burns Decl., ECF No. [9-4] ¶ 4 n.1.

submission of the orders, Invisible documented information for finalizing payment[4] for the products ordered on each of the Defendants' e-commerce stores as identified on Schedule "A." *See* Burns Decl. ECF No. [9-4] ¶ 4, and ECF Nos. [9-5]-[9-11]; Wiborg-Rodriguez Decl., ECF No. [9-3] ¶ 2. At the conclusion of the process, the detailed web pages of the various products bearing and/or using Plaintiffs' Marks offered for sale and ordered via Defendants' E-commerce Store Names, were sent to Plaintiffs' representative for inspection. *See* Cole Decl., ECF No. [9-1] ¶ 18; Wiborg-Rodriguez Decl., ECF No. [9-3] ¶ 2.

Plaintiffs' representative reviewed and visually inspected the detailed web page captures reflecting Plaintiffs' branded goods offered for sale and ordered by Invisible and determined the products were non-genuine, unauthorized versions of Plaintiffs' goods. *See* Cole Decl., ECF No. [9-1] ¶¶ 18–20; ECF No. [9-2].

On October 30, 2025, Plaintiffs filed its Complaint, ECF No. [1], and thereafter on December 4, 2025, its Amended Complaint against Defendants for trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement, ECF No. [29]. On November 12, 2025, Plaintiffs filed their *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets, ECF No. [9]. On November 17, 2025, this Court issued a Temporary Restraining Order and temporarily restrained Defendants from infringing Plaintiffs' Marks at issue. *See* ECF No. [14]. The Temporary Restraining Order also directed eBay Commerce, Inc. ("eBay"), Temu.com and WhaleCo, Inc., which is a subsidiary of PDD Holdings, Inc., which operates the temu.com website

---

[4] Defendants have their payments processed on their behalf using money transfer and/or retention/processing services via their marketplace platform's designated payment processor. These payment processors can use the information on Schedule "A" to tie an e-commerce store to a reported transaction and identify the respective Defendant's funds held in sub-accounts within their respective aggregate account using the information identified herein. *See* Burns Decl., ECF No. [9-4] ¶ 4 n.2.

("Temu"), Shein.com and Shein US Services LLC, which is a subsidiary of Shein.com ("Shein"), to identify and restrain funds in payment accounts associated with Defendants and to divert those funds to a holding account. Pursuant to the Court's November 17, 2025 Order, Plaintiffs served Defendants with a copy of the Complaint together with copies of the *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets, and the Court's November 17, 2025 Temporary Restraining Order, thereby providing notice and copies of the November 17, 2025 Temporary Restraining Order and Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets via email to each Defendant's corresponding email address and by posting copies of the Temporary Restraining Order and all other pleadings and documents on file in this action on the website located at http://servingnotice.com/anff16/index.html. Thereafter, Certificates of Service were filed confirming service on each Defendant, ECF Nos. [25]-[26].

On November 26, 2025, Plaintiffs filed their Motion requesting the Court convert the Temporary Restraining Order into a preliminary injunction and, upon filing, served Defendants with the Motion as noted in the Certificate of Service annexed thereto. *See* ECF No. [27] at 18. On December 1, 2025, the Court entered an Order Setting Hearing on Plaintiffs' Motion for Entry of Preliminary Injunction, ECF No. [28]. Pursuant to the Court's December 1, 2025, Order, Plaintiffs served Defendants with a copy of the Order Setting Hearing on Plaintiffs' Motion for Entry of Preliminary Injunction through the means specified in Paragraph 12 of the Temporary Restraining Order. Thereafter, Certificates of Service were filed confirming service on each Defendant, ECF Nos. [30]-[31].

## II.     LEGAL STANDARD

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

## III.    DISCUSSION

The declarations Plaintiffs submitted in support of their Motion support the following conclusions of law:

1. Plaintiffs have a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods bearing and/or using counterfeits, reproductions, or colorable imitations of Plaintiffs' Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiffs' products that bear and/or use copies of Plaintiffs' Marks.

2. Because of the infringement of Plaintiffs' Marks, Plaintiffs are likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. It appears from the following specific facts, as set forth in Plaintiffs' Amended Complaint, Motion, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers because it is more likely true than not that:

    a. Defendants own or control Internet based e-commerce stores operating under their E-commerce Store Names that advertise, promote, offer for sale, and sell products bearing and/or using counterfeit and infringing trademarks in violation of Plaintiffs' rights; and

    b. There is good cause to believe that more counterfeit and infringing products bearing and/or using Plaintiffs' trademarks will appear in the marketplace; that consumers are likely to be misled, confused, or disappointed by the quality of these products.

  3. The balance of potential harm to the Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiffs, their reputations, and their goodwill as manufacturers and distributors of quality products if such relief is not issued.

  4. The public interest favors issuance of the preliminary injunction to protect Plaintiffs' trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiffs' genuine goods.

  5. Under 15 U.S.C. § 1117(a), Plaintiffs may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using counterfeits and infringements of Plaintiffs' Marks. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.,* 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

  6. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d 982, 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

  7. Considering the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiffs have good reason to

believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that pursuant to 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, 28 U.S.C. § 1651(a), and the Court's inherent authority, Plaintiffs' Motion, **ECF No. [27],** is **GRANTED** as follows:

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are restrained and enjoined until further Order of this Court:

   a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using Plaintiffs' Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiffs; and

   b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiffs, bearing and/or using Plaintiffs' Marks, or any confusingly similar trademarks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using Plaintiffs' Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

Case No. 25-cv-25009-BLOOM/Elfenbein

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further order of this Court, the use of Plaintiffs' Marks or any confusingly similar trademarks, on or in connection with all e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the E-commerce Store Names;

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further order of this court, the use of Plaintiffs' Marks, or any confusingly similar trademarks on e-commerce marketplace platforms, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the E-commerce Store Names;

4. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the E-commerce Store Names and shall take all steps necessary to retrieve computer files relating to the use of the E-commerce Store Names that may have been deleted before the entry of this Order;

5. Upon Plaintiffs' request, the privacy protection service for any of the E-commerce Store Names for which the registrant uses such privacy protection service to conceal the

10

registrant's identity and contact information is ordered to disclose to Plaintiffs the true identities and contact information of those registrants;

6. Upon receipt of notice of this Order, the Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, eBay, Temu, and Shein, and their related companies and affiliates shall immediately, to the extent not already done, (i) identify all financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the E-commerce Store Names, payment accounts, e-commerce store numbers, infringing product numbers, transaction numbers or information, and/or the e-mail addresses identified on Schedule "A" hereto, as well as any other related accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) divert those restrained funds to a holding account for the trust of the Court;

7. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, eBay, Temu and Shein, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiffs' counsel with all data that details (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s)

which have been restrained. No funds restrained by this Order shall be transferred or surrendered by any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, eBay, Temu, and Shein, and their related companies and affiliates for any purpose (other than pursuant to a purchase refund chargeback made by a consumer) without the express authorization of this Court;

8. This Order shall apply to the E-commerce Store Names, associated e-commerce stores, and financial accounts, and any other e-commerce store names, or financial accounts which are being used by Defendants for the purpose of counterfeiting Plaintiffs' Marks and/or unfairly competing with the Plaintiffs;

9. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order;

10. As a matter of law, this Order shall no longer apply to any Defendant or associated e-commerce store dismissed from this action or as to which Plaintiffs have withdrawn their request for a preliminary injunction;

11. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiffs shall maintain their previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

12. Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or

Case No. 25-cv-25009-BLOOM/Elfenbein

administrators of the e-commerce stores, messaging services, and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to, eBay, Temu and Shein, and their related companies and affiliates shall, to the extent not already done, at Plaintiffs' request, provide Plaintiffs' counsel with any e-mail address known to be associated with Defendants' respective E-commerce Store Names; and

13.     This Order shall remain in effect during the pendency of this action, or until further Order of this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 5, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

Case No. 25-cv-25009-BLOOM/Elfenbein

## SCHEDULE A:
## DEFENDANTS BY NUMBER, E-COMMERCE STORE NAME, FINANCIAL ACCOUNT INFORMATION AND E-MAIL ADDRESS

| Def. No. | Defendant / E-Commerce Store name | Account Information: Store No. / Store Name | Product No. |
|---|---|---|---|
| 1 | chnguy-8380 | chnguy-8380 | 135124613066 |
| 2 | coolkiddo | coolkiddo | 156672835778 |
| 3 | ghjdkdfj4 | ghjdkdfj4 | 375767260866 |
| 4 | kronauth-39 | kronauth-39 | 356102269349 |
| 5 | piki5961 | piki5961 | 375854258986 |
| 6 | BDJADCHB | 634418220205852 | 601101052859507 |
| 7 | Canyon Cotton | 634418224321115 | 601102376732470 |
| 8 | Capstract | 634418219884530 | 601100059780639 |
| 9 | Chuangyuanxuan | 634418223101348 | 601103043188064 |
| 10 | Cosmic Clock Shop A local | 634418222090976 | 601100807070359 |
| 11 | DNGP | 634418221044968 | 601100806271232 |
| 12 | FIIICDFB | 634418221734687 | 601100822793679 |
| 13 | FZJFJSRC | 634418221755163 | 601102413802578 |
| 14 | GlobeMart A | 634418221149251 | 601102432592724 |
| 15 | Hezhi Blanket | 634418221291782 | 601100581863643 |
| 16 | HFFDSS | 634418220233655 | 601100068522534 |
| 17 | hibiscus syriacus | 634418224755100 | 601102376711186 |
| 18 | HIDOPR | 634418222745306 | 601102227055444 |
| 19 | HLKCCA | 634418221389540 | 601100827811834 |
| 20 | HLKLYYA | 634418221828270 | 601100806816522 |
| 21 | HLKZHBB | 634418221807213 | 601100818749221 |
| 22 | iF Mens studio | 634418219328963 | 601100825635211 |
| | | | 601100826384895 |
| 23 | INAA local | 634418223085073 | 601102947738279 |
| 24 | JLHDD | 634418221101131 | 601101230778380 |

14

| | | | |
|---|---|---|---|
| 25 | JLHKD | 634418221153651 | 601101233170479 |
| 26 | JSJHSFC | 634418223012382 | 601102446849505 |
| 27 | KaftanX | 634418224014980 | 601102488269489 |
| 28 | Kanea | 634418221299319 | 601100828224137 |
| 29 | KJXABCOO | 634418222558282 | 601100801626973 |
| 30 | LINGWEINA | 634418221347004 | 601100954510394 |
| 31 | LJTST | 634418222758446 | 601100832883933 |
| 32 | LunaBlend | 634418222159503 | 601102424988674 |
| 33 | LuxeStitch | 634418221950021 | 601102374275693 |
| 34 | Mens Trendy Gentleman | 634418223246762 | 601102937982665 |
| 35 | mfdealha | 634418220190970 | 601100054454397 |
| 36 | Mono Local | 634418224995072 | 601103010848694 |
| 37 | MPVG | 634418221046327 | 601100826779258 |
| 38 | NSHGWHGA | 634418224132229 | 601102447507192 |
| 39 | OOTPOD | 634418221848227 | 601100823997494 |
| 40 | OPWKELRI | 634418224369893 | 601102444155214 |
| 41 | Peachie | 634418222551587 | 601102599946214 |
| 42 | PENGTA | 634418222137615 | 601100813707499 |
| 43 | Printify X | 634418221028379 | 601102376866468 |
| 44 | QINGXINGYI | 634418221358264 | 601100813909552 |
| 45 | QINGYINIAN | 634418221362383 | 601100814659735 |
| 46 | Quanyangxia | 634418221370234 | 601100828613317 |
| 47 | quekun | 634418221602809 | 601100834635807 |
| 48 | RUIDONGDDD | 634418223316502 | 601102479163166 |
| 49 | RWJGA | 634418223242728 | 601102226941664 |
| 50 | Silhouette Studio | 634418222425435 | 601100823016364 |
| 51 | SITUHA | 634418222771008 | 601100831134570 |
| 52 | SN Wilson | 634418224701322 | 601103096302079 |
| 53 | SQFEIGHT | 634418223682594 | 601101392602846 |

Case No. 25-cv-25009-BLOOM/Elfenbein

| | | | |
|---|---|---|---|
| 54 | three qun | 634418218681017 | 601102382758326 |
| 55 | Trendy Print Top Stop | 634418222534005 | 601100803969386 |
| 56 | Unrest Goods | 634418224224670 | 601102432533163 |
| 57 | UrbanThrengood | 634418224584232 | 601102520169969 |
| 58 | Verve Local | 634418224286073 | 601103075974316 |
| 59 | WOLANGNENG | 634418221172186 | 601100150412976 |
| 60 | World Press | 634418225136283 | 601102497024213 |
| 61 | XmTide | 634418222127499 | 601103027968017 |
| 62 | yixuanbaihuodian | 634418222827688 | 601100968661841 |
| 63 | ZW CHU SPACE | 634418220113648 | 601100817047487 |
| 64 | Anzelong SHOP | 4261152347 | 65088400 |
| 65 | Hongtao Shop | 5327973312 | 74640439 |
| 66 | Streetwear Fashion | 4221929311 | 69914103 |